**Javier VARELA GOMEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72086, A75–250–230.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Walter Rafael Pineda, Law Offices Of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office Of The District Counsel, Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI and PAEZ, Circuit Judges.

---

1. Factory Mutual's Motion to Certify an Oregon State Law Question to the Oregon Supreme Court is DENIED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Javier Varela Gomez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We have jurisdiction to review due process challenges, and review *de novo*. *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002). We deny the petition.

Varela Gomez's first contention that the BIA's summary affirmance process violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–851 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

Varela Gomez also argues that he had a "settled expectation" that the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") would apply to him because he applied for asylum prior to the effective date of the permanent rules of the IIRIRA, and that it was a denial of due process to place him in removal proceedings. This contention is foreclosed by *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir. 2003), where the court held that an alien does not have a settled expectation of being placed in removal proceedings if the INS filed the charging document after April 1, 1997, and that placing an alien in removal proceedings does not violate his due process rights. *See also Jimenez–Angeles*, 291 F.3d at 594 (holding that alien did not have settled expectation that she would be placed in deportation pro-

ceedings rather than removal proceedings).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Varela–Gomez's motion for stay of removal included a timely request for a stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

